IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

CHARLES RABY

V.                                          CIV ACTION NO 9:13-cv-120

PAUL TOLLY ET AL

PLAINTIFF'S SUPPLEMENTAL RESPONSE TO DEFENDANTS MOTION FOR
SUMMARY JUDGEMENT

1. INTRODUCTION
On December 29,2012, Defendants Paul Tolly and Terry Valentine
used excessive force against Plaintiff Charles Raby at the Polunsky
unit in the Texas Department of Criminal Justice. (TDCJ)
Raby and Tollys account of the incident at hand differ signiicantyly
and create a genuine issue of material facts.
Both parties agree that Raby out of anger of being accused of drinking
homemade alcohol in the day room tried to kick Tolly and Raby was
being escorted to F-Pod from A-pod.
Raby was handcuffed behind his back at this time. And was taken down
to the floor in a successful UOF.
   But here, the accounts diverge greatly. Tolly claims the amount
of force used was justified because CO Arron Floyd informed him that
Raby was spitting and was biting him.

   Raby Maintaines this is untrue and flat out impossible. (see Raby's
first response to motion for summary judgement.)

   Today, September 24,2015, Raby was once again allowed to view the
UOF DVD and the Surveillance camera footage of the incident.
   Again Raby would like to point out that while watching the footage
it clearly shows that Raby did not kick Sgt Valentine in the head as
he falsely states in his written report. (see surveillance DVD and
Valentines incident report.) proving that he in fact lied.

1

But more so, Raby was able to view the handheld UOF recording and was able to see, the right side of his face, the FIRST attack where the court will see Tolly drop to his knees and start punching Raby in the face with a closed fist, striking Raby with enough force to break his nose, happened to the 'LEFT" side of Raby's face.

By viewing the DVDs the court will be able to see the start of brusies to the 'RIGHT' side of Raby's face, which is a result of the SECOND attack which was not recorded.

It is those brusies that lend support to Raby's claim that Tolly did in fact assault him a second and third time. Again, which was conveniently not preserved as was requested.

Raby was also able at this time able to see that where Tolly falsely states that Raby 'repetedly kicked him in the head and body', is flat out impossible as it is for Raby to have turned his head in such away to bite Floyd, whose left elbow was on Rabys left back shoulder. Tolly is somewhat under and BEHIND, Raby, and by the court viewing the DVD, it will clearly see,nowhere near Raby's feet. So it is factually impossible for Raby to had kicked Tolly 'repetedly' in the head and body. (see surveillance DVD and Tollys written statement) clearly contradict one another.

Raby would also like to point out to the court, Raby was never received any form of disciplinary cases for 'spitting or bitting' Floyd or 'kicking' Valentine in the head. Because they are in fact untrue.

And Lastly Raby would like to bring to the attention to the court the medical examination which was recorded the next day by order Captian John Bolton which would had shown the court just how bad Raby was beaten. And the multiple fist markings to Rabys face. Both sides.

Captian John Bolton is once again assigned to 12 building ,which is where Raby is housed. Today as raby was allowed to view the DVDs in the Majors office,with Major Dawson ,CO Cooper, and some new CO whom is a OJT, On the Job trainee. Captian John Bolton was also

2

present in the viewing. Raby took this time to engage Capt Bolton
in a conversation about the medical examination recording. Capt
Bolton with clearity informed Raby he turned it in and it should be
part of the UOF Packet. Which is not.

Raby has made repeted reference to Defendants attorney Mrs Trevino
to speak with the actual people involved in the recording of the
medical examination the next day, only to be ignored, and told that
she was told there is no such recording, there never was and no reason
to do so.

Captian Bolton admiting to this in frount of numerous people is
Proof the recording did in fact exist. Which has been destroyed.

Bolton also stated the he recalled the incident being recorded from
mulitple cameras. Which have been destroyed.

Raby respectfully ask the court to view the DVDS and watch for the
things that DID NOT happen, the 'repeted kicks to the head and body' to
Paul Tolly, the 'kick to the head' to Valentine, the 'spitting and
bitting' to CO Floyd. All of which are impossible. And lies.

Raby would like to point out to the court to help identify the people
involved.
Tolly is to the left of Plaintiff, Valentine to the right, Watch as
valentine falls onto the fall, and down onto his rear, and AWAY from
Raby's feet, making it impossible for Raby to had kicked him on the
right side of his head.
Floyd is the one whom comes from into camera view and behind. and
who is at the upper part of rabys body, Valentine punching Raby in the side.

And to again point to the court to view the right side of Raby's
face, and it is those markings which are the result of the second third
Beating, both of were to the right side of Rabys face.

## 2 ARGUEMENT
Raby's injuries are sufficiently serious for the 8th amendment

excessive use of force claim to survive summary judgement.

Determining whether a given harm is sufficient for the purposes of an excessive force under the Crule and Unusual punishment Clause is a 'contexual' inquiry that is 'responsive to 'contemporary standards of decency'" Hudson V. McMillian 503 U.S.i,4 (1992) (quoting Estelle v. gamble 429 U.S 97, 103 (1976)). Even though 'prison discipline may require that inmates endure relatively greater physical contact, the 8th amendment is nontheless violated if the 'offending conduct reflects an unnecessary and wanton infliction of pain.

For excessive force claims brough be prisoners and per trial detainees "[t]he core judicial inquiry is ...'whether force was applied in good faith effort to maintain and restore discipline, or maliciously and sadistically to cause harm.'" Baldin v. Stalder 137 F.3d 836 838 (5th cir 1998) (quoting Hudson 503 U.S at 7) accord Gomez v Chandler 162 F3d 921,923 (5thcir 1999) Because the motive of the officer is offten discernible, the trier of fact must base its dermination on relavant objective factors suggestive of intent. Some of the factors that must be considered in determining whether unnecessary and wanton infliction of pain was utilized in violation of a prisoners 8th amendment right to be free from crule and unusual punishment include
1. the extent of the injury suffered
2. the need for the application of force
3. the relationship between the need and the amount of force used
4. the threat reasonable percived by the responseible official and
5. any effort made to temper the serverity of a forceful response

Dropping to ones knees and beating a handcufed man who is being held down belly to the floor, with a closed fist with enough force to break bone is not a effort made to temper the serverity of a forceful response. And is objectively unreasonable.

Here there remains a genuine issue of material fact as to whether Tolly applied force maliciously or to restore order. Raby Maintains that Tolly was mad and upset for Raby having him called to come and personally talk to him and when Raby struck out at Tolly, Tolly

4

with a well documented history of beating up on handcuffed prisoners took it out on Raby by beating him not once as was preserved on footage, but also a second and third times which was not preserved as was requested.

A fact is 'material' if is might effect the outcome of the suit under governing law. Bazan ex rel. Bazan v. Hideldo county 246 F.3d 481,489 (5thi cir 2001) (emphasis in original) (quoting Anderson,477 U.S Ct 2025) Factual disputes that are irrelevant or unnecessary qill not be counted. An issusue is 'genuine' if it is real and substantial, as opposed to merely formal. pertend, or a sham. Thus a genuine issue of material fact exist 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson 477 U.S at 248 106 S.CT 2025 ; accord EMCASCO Inc.Co. V. American Int'l Specialty lines Inc.Co. 438 F3d 519,523 (5th Cir 2006)

Once a proper motion has been made, the nonmoving party may not rest upon mere allegaltions or denials in the pleadings but must present ~~affirmative~~ affirmative evidence, setting forth specific facts to show the existence of a genuine issue for trial. (FED R.CIV P 56(e). The court must review the record 'taken as a whole'. All evidence must be construed 'in light most favorable to the non-moving party' without weighing the evidence, assesing it probative value or resolving any factual disputes. The evidence of the non movant is to be believed, with all justifiable inferenes drawn and all reasonable doubt resolved in his favor. See Palmer v. BRG of Ga, Inc 498 U.S.46,49 n.5,111 S.Ct 401 112 L.Ed.2d 349 (1990).Shields v. Twiss 389 F.3d 142 150 (5th cir 2004).

The evidence is construed 'in favor of the nonmoving party,however, only when an actual contradicitory facts. Olabisiomotosho v. City of Houston 185 F.3d 521, 525 (5th cir 1999) See Almond v. Tarver 468 F.Supp 2d 886 (2006).

Raby respectfully points out to the court that, if the Defendant's will lie and make false allegations in light of video evidence which clearly contradicts their written statements, what else will they lie about? what else have they lied about? In order to cover up the

excessive use of force. Including the second and third beating to the RIGHT side on Raby's face, which the court upon looking closely at the DVD will surely see bruises to the right side as well as the left. Proof of a second and third beating to the right side of Rabys face. Which they make zero mention of and failed to preserve as was requested and was TDCJ Policy.

Lastly, Raby would like to point one last thing about the written statement. It states 'Tolly fell forward landing on his head with his upper body being trapped between the offender les and head under Sgt Valentine. Offender Raby took advantage of the situation and began to kick Lt Tolly in the head, legs, and abdominal area.' All of this is false. It is clear that Sgt valentine falls backward onto his rear end and Tollys head is nowhere near being 'trapped' under Valentine, and it is clear that Raby did NOT kick Tolly in rapid succession striking Tolly in the head. legs and abdominal area. just more lies to help cover up and protect one of their own. For nobody viewing these videos could read these statements as anything but false. And were written to cause Raby harm. For these statements would be used in any criminal proceedings that could follow.

## CONCLUSION

Raby again asks the court to DENY defendants motion for summary judgement. (see Plaintiff's first response to defendant's motion for Summary Judgement.) When you eliminate the impossibles, what will remian is the truth.

respectfully Submitted

*Charles Raby Pro se.*
Charles Douglas Raby, pro se

Charles Douglas Raby
TDCJ ID # 999109
3872 FM 350 South
Livingston Tx 77351

6

CERTIFICATE OF SERVICE

I Charles D.Raby, certify that on September 28,2015, a copy of the foregoing has been placed in the U.S.POSTAL mail, (Plaintiff's supplement response to Defendant's motion for Summary Judgement) Addressed to Defendant's attorney of record

Mer Afton Trevino
assistant attorney general
P.O.BOX 12548
Austin Tx 787111

*Charles Raby, Pro se*
Charles Raby Pro se

# TEXAS DEPARTMENT OF CRIMINAL JUSTICE
## Use of Force Report
### Employee Participant Statement

Unit (Name and Alpha Code): Polunsky  TL
Report Number: MA-06871-12-12
Incident Number (if applicable): _____

## I. INSTRUCTIONS

- Complete Section II.a, through II.e, checking and completing all that apply in each section;
- At Section II.f, in as much detail as possible, describe what happened before, during, and after the use of force occurred, including:
  - Time or approximate time of use of force;
  - Name of each offender involved;
  - Name and rank or title of each employee involved; and
  - Description of employee and offender injuries, if any.

## II. STATEMENT

a. Printed Name: Aaron Floyd          Date/time force was used: 12-29-12 / 1440

b. Location where use of force occurred: 12 building Main hallway

c. PRIOR TO implementing force, did you do any of the following:

| YES | NO | | If 'NO,' explain why: |
|---|---|---|---|
| ☐ | ☑ | Listen to the offender? | Spontaneous use of force |
| ☐ | ☑ | Attempt to calm or reason with the offender? | Spontaneous use of force |
| ☐ | ☑ | Explain the consequences? | Spontaneous use of force |
| ☐ | ☑ | Notify the supervisor? | Spontaneous use of force |
| ☐ | ☑ | Request a video camera and operator? | Spontaneous use of force |
| ☐ | ☑ | Secure the area? | Spontaneous use of force |
| ☐ | ☑ | Request additional staff to make a visible show of force? | Spontaneous use of force |
| ☑ | ☐ | Use restraining devices? | Applied hand restraints on Offender |

* If answer is 'YES' to any of these, describe in detail, at Section f, how this was accomplished.

d. In describing offender behavior, specify which offender(s) and whether it occurred before or during the use of force.

| Before | During | | Offender Name(s) / TDCJ Number(s): |
|---|---|---|---|
| ☐ | ☐ | Assaulted another offender with weapon | |
| ☐ | ☐ | Assaulted another offender without weapon, such as by kicking, shoving, pushing, slapping, hitting, or grabbing | |
| ☐ | ☐ | Assaulted staff or another person, not an offender, with weapon | |
| ☐ | ☑ | Assaulted staff or another person, not an offender, without weapon | Raby, Charles / 999109 |
| ☐ | ☐ | Attempted escape | |
| ☐ | ☐ | Attempted suicide or self-mutilation | |
| ☐ | ☐ | Attempted to assault staff or another person, not an offender, with weapon | |
| ☐ | ☐ | Attempted to assault staff or another person, not an offender, without weapon | |
| ☐ | ☐ | Created a disturbance or riot | |
| ☐ | ☐ | Damaged or destroyed state property | |
| ☐ | ☑ | Displayed abnormal behavior | Raby, Charles / 999109 |
| ☐ | ☐ | Obstructed tray slot or cell door | |
| ☐ | ☑ | Pulled away from staff | Raby, Charles / 999109 |
| ☐ | ☐ | Refused to accept a housing assignment | |
| ☐ | ☐ | Refused medically ordered treatment | |
| ☐ | ☐ | Refused photo I.D. or fingerprinting, during intake or update | |
| ☐ | ☐ | Refused strip search or restraint procedures | |
| ☐ | ☐ | Refused to leave or enter a housing area | |
| ☐ | ☐ | Refused to submit to forensic or DNA collection | |
| ☐ | ☐ | Swore at or verbally threatened staff | |

UOF-1 (2012)            page 1 of 2

| Unit (Name and Alpha Code): | Polunsky, T2 |
|---|---|
| Report Number: | MA-0687l-12-12 |

Incident Number (if applicable): _____

e. Describe your actions. If more than one offender noted in Section II.d, identify against which offender your action was taken:

- [ ] Shoved or pushed offender: _____
- [ ] Used restraining holds on: _____
- [x] Used restraining device(s) on: Raby, Charles / 999109
  If so, what type & why?  Type: hand restraints  Reason: escorting the offender
  Date/time used: Date: 12/29/13  Time: 1433  Date/time of relief: Date: ___ Time: ___
- [ ] Struck offender with fist or open hand: _____
  If so, how many times? ___ What part of the body was struck? ___
- [ ] Kicked offender: _____
  If so, how many times? ___ What part of the body was struck? ___
- [ ] Used riot baton on: _____
  If so, how many times was the offender struck? ___ What part of the body was struck? ___
- [ ] Used chemical agents on: _____
  If so, what type? ___ How much? ___
- [ ] Used deadly force against: _____
  If so, describe firearm and ammunition used; give manufacturer's serial number; how many rounds fired? ___
- [ ] Other (Explain): _____

f. Written Statement: On 12-29-2012 at approximately 1433 hours I officer Aaron Floyd CO II along with Sergeant Terry Valentine did conduct a strip search and apply hand restraints to offender Raby, Charles #999109. Said offender was being escorted from AF dayroom to FF78 after it was discovered that he was intoxicated in the dayroom. Once in the hallway the offender requested to speak to Lieutenant Paul Tolly. Lt. Tolly and Sgt. Valentine took over the escort with myself following behind as they spoke with the offender. With no warning the offender suddenly kicked out with his right leg striking Lt. Tolly in his side. The offenders balance was compromised as he continued kicking Lt. Tolly striking him several times as we fell to the floor. Once on the floor the offender continued to kick until Sgt. Valentine restrained his legs. I restrained the offenders upper body. The offender began to spit and attempted to bite me grazing my left elbow. I informed Lt. Tolly who was tangled in the offender's legs. Lt. Tolly freed himself and approached the offender striking the offender several times with a closed fist while ordering the offender to stop biting. Officer Aaron Baker CO II did arrive on the scene with leg restraints and a video camera. Sgt. Valentine applied the leg restraints however, the camera was inoperative. Sergeant Brandon Miles arrived with a second video camera and operator Jamie Brewer CO II. After giving a short preamble Sgt. Miles had myself and Sgt. Valentine relieved by Officers Thomas Morris CO III and Scott Grimm CO III. Officers Morris and Grimm then assisted the offender to his feet and escorted him toward F Pod where my involvement of the incident ended. I returned to my normal duties.

[ ] Continuation page(s) attached

### III. ACKNOWLEDGEMENT
To the best of my knowledge, the information submitted in this participant statement is complete and accurate.

Aaron Floyd — Printed Name
CO II — Rank or Title and Social Security No.
A. F. — Signature
12/29/2012 — Date

UOF-1 (2012)  page 2 of 2

*THIS STATEMENT CLEARLY IS WRONG. AND does not match the video! Floyd is the weak link.*

*He/he speaks of two different assaults. He is correct but in wrong order. He knows Tolly beat me more than once but that was recorded.*

| Unit (Name and Alpha Code): | Polunsky | TL | |
|---|---|---|---|
| Report Number: | 06871-12-12 | Incident Number (if applicable): | |

## IV. SUMMARY

*Instructions:* After reading all statements and reviewing videotape footage, explain what happened <u>before</u>, <u>during</u>, and <u>after</u> the use of force; describe efforts made to defuse situation; if there are no offender witnesses, explain why.

Participants:  
Officers:
| Name | Rank/ TDCJ # |
|---|---|
| Tolly, Paul | Lieutenant |
| Valentine, Terry | Sergeant |
| Floyd, Aaron | COIV |

Offender: Raby, Charles — 999109

Witnesses:
| | |
|---|---|
| Brewer, Jamie | COIV |
| Baker, Aaron | COIV |
| Morris, Thomas | COIII |
| Grimm, Scott | COIII |
| Miles, Brandon | Sergeant |
| Beard, Nathon | COV |

On 12/29/12 at 1430 hrs Sergeant Terry Valentine and Officer Aaron Floyd CO IV were removing Offender Raby, Charles #999109 from 12 Bldg A pod AF dayroom for being in possession and drinking an alcoholic beverage. Officer Floyd completed a proper strip seach and placed the offender in hand restraints. Sergeant Valentine and Officer Floyd escorted Offender Raby off of 12 A-Pod and into the hallway enroute to 12F-78 cell. Offender Raby was being non-aggressive, polite, and requested to speak with Lieutenant Paul Tolly. Lt. Tolly responded and spoke with Offender Raby. Lt. Tolly instructed Officer Floyd to follow at a short distance. At 1440 Lt. Tolly and Sgt. Valentine escorted Offender Raby passed the 12 Building kitchen area, with no warning Offender Raby turned toward Lt. Tolly and kicked him with his right leg striking the right pelvic area. Offender Raby attempted again to kick Lt. Tolly with his right leg and Lt. Tolly quickly grabbed Offender Rabys right leg. Lt. Tolly then applied forward motion toward the offender in an attempt to place him against the wall and gain control of the escort. As Lt. Tolly applied the forward motion the offender fell backwards onto Sgt. Valentine pushing him into the wall and loosing control of the offender. Officer Floyd quickly responded and was also struck by the offender as he fell backwards. At that time all three staff participants, along with the offender slipped falling to the floor. Sgt. Valentine landed on his buttocks and backside. Officer Floyd landed on the floor by the offenders left side. Lt. Tolly fell forward landing on his head with his upper body being trapped between the offenders legs and his head under Sgt. Valentine. Offender Raby took advantage of the situation and began to kick in rapid succession striking Lt. Tolly in the head, legs, and abdominal area. In attempt to free himself and gain control of the offender Lt. Tolly kicked his feet into the air and rolled forwards over the top of the offender. This action caused the offender to land on his stomach and side. Lt Tolly's feet were still between the offenders legs. Officer Floyd was able to gain control of the offenders upper body. Sgt. Valentine recovered and took control of Offender Rabys legs. Lt. Tolly freed his right foot. Lt. Tolly then stepped over Sgt. Valentine and Officer Floyd in attempt to free his left foot. Officer Floyd informed Lt. Tolly during the struggle that Offender Raby was attempting to bite and spit on him. Lt. Tolly stepped over Officer Floyd and viewed Offender Raby attempting to bite and spit at Officer Floyd. Lt. Tolly immediately knelt down ordering the offender to stop biting and spitting. Offender Raby continued to attempt to spit at and bite at Officer Floyd, grazing Officer Floyds arm with his teeth causing a scratch. Before Offender Raby could fully bite Officer Floyd, Lt. Tolly struck Offender Raby 5 times with a closed fist to his facial area to stop him. During the same time, Sgt Valentine stuck the offender two times with a closed fist to Offender Rabys left side abdominal area in attempt to get him to stop kicking. Offender Raby became compliant and stopped kicking and trying to bite staff. Additional staff began arriving. Officer Floyd maintained control of Offender Raby's upper body while Sgt. Valentine maintained control of Offender Raby's legs. Lt. Tolly maintained control of the offenders head. Officer Aaron Baker, COIV arrived and was instructed by Lt. Tolly to get leg restraints and a video camera. Officer Baker followed orders, left the area and returned with leg restraints and a video camera. Officer Baker began recording the incident and the video camera would not record. Lt Tolly called via radio for a building supervisor to respond and an additional video camera. Thomas Morris COIII arrived along with CO V Nathan Beard. Sgt. Valentine placed the leg restraints on the offender. Officer Beard assisted Sgt. Valentine by double locking one leg restraint. Scott Grimm COIII arrived. A short period of time lapsed as all participants and witnesses waited the arrival of the video camera and a building supervisor. Sergeant Brandon Miles and Jamie Brewer CO V carrying a video camera arrived to the incident. Officer Brewer turned on the camera and began recording. Lt Tolly informed Sgt. Miles of the details that occurred during this incident. Sgt. Miles performed a small preamble. Sgt. Miles had Officer Grimm relieve Officer Floyd and Officer Morris relieve Sgt. Valentine. RN Lisa Curry arrived to assist

☒ *Continuation page(s) attached*

## V. ACKNOWLEDGEMENT

To the best of my knowledge, the information submitted is complete and accurate.

| Paul Tolly | Lieutenant | | 12/29/2012 |
|---|---|---|---|
| Supervisor (Printed Name/Rank or Title) | | Signature/Date | |

UOF-6 (2012)      page 2 of 2

Raby UOF pg 12

**MSJ Ex. A - 13**

## TEXAS DEPARTMENT OF CRIMINAL JUSTICE
## Use of Force Report
*Continuation Page*

| Unit (Name and Alpha Code): Polunsky | TL |
|---|---|
| Report Number: 06871-12-12 | Incident Number (if applicable): |

### I. INFORMATION PROVIDED BY

Paul Tolly — Lieutenant
Printed Employee or Offender Name — Rank or Title or TDCJ No.

### II. ADDITIONAL INFORMATION

This is a continuation of information which I began to provide on the (Enter form number) UOF-__6____

in the use of force screenings Offender Raby was assisted to his feet by Officer Grimm and Morris and escorted to 12 Bldg F Pod. Sgt. Miles instructed Officer Grimm and Morris to stop outside of F pod. Sgt. Miles took front and back photos and photos of injuries. Offender Raby was escorted to 12 Bldg F-78 cell. Sgt. Miles ordered Offender Raby to kneel down at the cell door to have the leg restraints removed. Offender Raby complied with the orders. Officer Morris removed the leg restraints and the door was secured. The food tray slot was opened and Offender Raby placed his hands through the food tray slot. Officer Morris removed the hand restraints and secured the tray slot. RN Lisa Curry performed a cell side use of force screening, notating a superficial injury to Offender Raby's facial area which was a non- serious. Sgt. Miles read the UOF-2 form to the offender and attempted to give the form to him and Offender Raby refused the form. Sgt Miles terminated the use of force. There were no offender witnesses to the incident. All three staff participants received a injuries up to first aid. LT. Tolly received an injury to his knee, shin, elbow, and his left pinky finger. Sgt. Valentine received an injury to the left side of his face. Officer Floyd received an injury to his left arm. The offender received his injury to his facial area from the closed fist strikes. Offender Raby refused to accept and complete an Offenders Participant form. LVN Robert Sears was in the area but did not participate in the use of force screenings. The telex has the time of use of force at 14:55 the time of use of force was at 14:40. Due to the confined space in some of the areas, Officer Brewer was not able to keep a full view of the offender on video at all times.

☐ Continuation page(s) attached

### III. ACKNOWLEDGMENT

To the best of my knowledge, the information submitted is complete and accurate.

Signature — 12/29/2012
Date

### IV. TRANSLATED BY (If applicable)

To the best of my knowledge, the foregoing information is an accurate account of information provided by:

Offender: _____ _____
           Printed Name              TDCJ No.

Employee Translator: _____ _____
                    Printed Name              Rank or Title

_____ _____
Signature              Date

UOF-8 (2012)

Raby UOF pg 13

MSJ Ex. A - 14

25 september 2015

To: Mr Maland U.S District Clerk
Re: raby v. Tolly et al
Civil action No 9:13-cv-120

Dear Mr Maland,
please find enclosed Plaintiffs supplement response to Defendants motion for summary Judgement.
To be filed with the court.

Thank you for you time in the matter.

                                            Respectfully

                                            Charles Raby, pro se

Charles Kirby 999165
Blansky unit
3872 FM 350 S.
Living Ston Tx 77351

To: David J Maland
U.S. District Clerk
U.S. District Court
104 N. Third st
Lufkin Tx 75908