IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| CHARLES DOUGLAS RABY | § | |
| VS. | § | CIVIL ACTION NO. 9:13-CV-120 |
| PAUL TOLLY, *et al.,* | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff's motion to compel filed October 5, 2016 (docket entry no. 88) and evidence in support (docket entry nos. 92 & 104). In the motion, plaintiff requests the court order defendants to disclose: (1) complete disclosures from defendants Floyd, Muniz and McMullen, (2) copies of new grievances, and (3) computer activity and/or maintenance logs from December 29, 2012 through January 11, 2013. With respect to the latter, plaintiff believes the computer activity and/or maintenance logs will establish exactly how many recordings were made of the incident at issue in this suit and then downloaded onto DVDs. Plaintiff believes there are five relevant videos and states he is willing to pay for any associated costs in gaining access to the computer activity logs.

### Background

In light of receiving no response from the defendants with respect to plaintiff's motion to compel, this court ordered the defendants to respond on October 24, 2016 (docket entry no. 94). Defendants responded to the Motion to Compel on November 14, 2016 (docket entry no. 95). Defendants outline, as follows, what has previously been disclosed to plaintiff and what is currently attached in disclosure:

1. Relevant University of Texas Medical Branch medical records regarding Charles Douglas Raby, TDCJ No. 999109, with supporting affidavit (Bates Stamp 1-25). Previously Disclosed.

2. Relevant Texas Department of Criminal Justice Use of Force records M-06871-12-12 regarding Charles Douglas Raby, TDCJ No. 999109, with supporting affidavit (Bates Stamp 147). Previously Disclosed.

3. Relevant Texas Department of Criminal Justice (classification) records regarding Charles Douglas Raby, TDCJ No. 99109, with supporting affidavit (Bates Stamp 1-10). Previously Disclosed.

4. Relevant Texas Department of Criminal Justice grievance records regarding Charles Douglas Raby, TDCJ No. 99109, with supporting affidavit (Bates Stamp 1-11). Previously Disclosed.

5. Texas Department of Criminal Justice, Polunsky Unit, No Records Affidavit for Video Surveillance Tapes on A-Pod, F-Section of Building 12 for 12/29/12 to 1/3/13. Previously Disclosed.

6. Texas Department of Criminal Justice -- Use of Force Report M-06871-12-12 DVD sent to Warden's office for viewing. Previously Disclosed.

7. Texas Department of Criminal Justice -- Polunsky Unit Surveillance DVD, sent to Warden's office for viewing. Previously Disclosed.

8. Texas Department of Criminal Justice Use of Force Photos of M-06871-12-12 regarding Charles Douglas Raby, TDCJ No. 999109, Previously Disclosed.

9. Relevant TDCJ Health Services Archive Records regarding Charles Douglas Raby, TDCJ No. 999109, with supporting affidavit (1-12), Attached.

With respect to plaintiff's request for additional grievances, defendants respond that plaintiff has already been provided grievances for the time period of January 2012 to December 4, 2013. Defendants state that plaintiff did not provide a time frame or a date range for the new grievances and any such "unlimited" request would be unduly burdensome. Defendants counter that they will provide plaintiff copies of grievances if he provides a reasonable approximate date range.

As to the issue of the computer activity and/or maintenance logs, defendants state that defendants disclosed and plaintiff viewed two separate DVD's regarding the incident. Defendants also state that plaintiff's belief that there is a DVD showing a front view of the incident is unfounded and not supported by the inter-office communication from Major Mosley.[1] In addition, defendants

---

[1] Plaintiff attached an Inter-Office Communication from Major Mosley as evidence in support of his motion to compel, pg. 5 (docket entry no. 92). In this inter-office communication, Mosley state "due to angle/distance you are able to see UOF but not details of UOF." Plaintiff believes this indicates there is a DVD that shows a frontal view of the incident and argues this video was used in plaintiff's disciplinary hearing and plaintiff also viewed the video with defendant McMullen during the fact-finding investigation. Defendants point out that the inter-office communication says nothing about the "view" of the incident and that Mosley is referencing the DVD surveillance video already disclosed to plaintiff. Defendants also continue to argue that plaintiff did not attend his disciplinary hearing and thus did not view a DVD at his disciplinary hearing.

confirm that a surveillance DVD, capturing the incident from behind, and the use of force DVD were already sent to plaintiff for viewing. Defendants do not substantively address plaintiff's specific request for the computer and/or maintenance activity logs.

Defendants state that all relevant documents pertaining to the use of force have been preserved and disclosed.[2] Defendants also complain that plaintiff did not give proper notice and did not make a good faith effort to confer regarding the discovery dispute before filing the motion to compel and request the motion as a whole be denied.[3]

In response, plaintiff first withdraws his request for the new grievances as he was able to locate his own copy (docket entry no. 98). With respect to the computer and/or maintenance activity logs, plaintiff states he has written defense counsel numerous times concerning this issue and no response has been given. Plaintiff states he was not aware of Federal Rule of Civil Procedure 37(a)(1) and asks for leniency given his *pro se* status. Regardless, plaintiff states defense counsel never responded to his letter or motion until the court ordered the defendants to respond and prior notice, therefore, is irrelevant. Plaintiff continues to argue that the inter-office communication demonstrates there is another video and plaintiff, in fact, was allowed to view the video with defendant McMullen. Plaintiff continues to argue that defendant McMullen had five videos on his desk when plaintiff came in to view the videos during the fact-finding investigation.[4]

---

[2] Defendants recount that on January 11, 2013, Attorney Christie Cardon requested that the Polunsky Unit preserve all video footage recorded by surveillance, all use of force video recordings, and all use of force packets regarding the December 29, 2012 use of force involving plaintiff. In her declaration, Ms. Cardon states she spoke with a legal assistant in the TDCJ Office of General Counsel who indicated that in the absence of a subpoena in connection with the litigation, she would not be able to obtain copies of the video surveillance and some portions of the use of force packet on plaintiff's behalf but that materials referred to in the written request would be preserved.

[3] Plaintiff filed a motion to compel one day after sending a letter to defense counsel.

[4] Plaintiff states there are 3 videos from the hallway surveillance cameras, 1 from a handheld audio/video recorder, and 1 from the medical examination conducted the next day on December 30, 2012. Plaintiff also appears to argue that the defendants have admitted there were 3 surveillance videos actually recorded but two of them were not copied onto DVDs as they were "too grainy." It would also appear that the fact finding investigation meeting in defendant McMullen's office is separate and distinct from the disciplinary hearing held by Major Mosley.

Analysis

After a careful review of plaintiff's motions and the various responses, the only live issue remaining for plaintiff's motion to compel is the computer activity and/or maintenance logs. Defendants did not substantively respond to this specific request, merely stating they have provided plaintiff a copy of all the videos in their possession. Given plaintiff's *pro se* status and the amount of time that has passed since this motion was originally filed, plaintiff's non-compliance with Federal Rule of Civil Procedure 37(a)(1) is excused.

Plaintiff's motion to compel, however, should be denied. Defendants state that they have produced all the videos they have in their possession and have provided a no records affidavit to that effect. Defendants are admonished that this court will strongly consider imposing sanctions if it is determined at a later date that defendants failed to produce additional videos that are in their possession. Defendants are advised to review the computer maintenance/activity logs and ensure there are no additional videos. It is, therefore,

ORDER

**ORDERED** that Plaintiff's Motion to Compel (docket entry no. 88) is **DENIED**. Defendants are admonished that this court will strongly consider imposing sanctions if it is determined at a later date that defendants failed to produce additional videos that are in their possession. Defendants are advised to review the computer maintenance/activity logs and ensure there are no additional videos. If additional videos exist, defendants are **ORDERED** to produce them within twenty (20) days of this order.

SIGNED this 26th day of September, 2017.

_____
Zack Hawthorn
United States Magistrate Judge